## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ryan Ray Corman, | ) |
|                Plaintiff, | ) |
| vs. | ) Case No. 3:12-cv-53 |
| Wayne Stenehjem, North Dakota State Attorney General, Jonathan Byers, Assistant State Attorney General, Ken Sorenson, Assistant State Attorney General, Carmell Mattison, State's Atty, Northeast Judicial District, Kristi Pettit, State's Atty, Northeast Judicial District, Les "Barney" Tomanek, Supervisor, ND Dept. Of Corrections, Probation, Loralyn Waltz, Probation Agent, NDDOCR P&P, Wade Price, Probation Agent, Chad Torgeson, Probation Agent, Don Redmann, Warden, James River Correctional Center, Grand Forks Police Department, William "Bill" Macki, SGT., GFPD, Jim Vigness, Detective, GFPD, Officer Kalinnen, first name unknown, Officer Johnston, first name unknown, Dr. Donald Newberry, Contract Psychological 'Evaluator,' North Dakota Dept. of Corrections and Rehabilitation, CPC Rule, Inc., Contract 'program' provider, Tim Sinn, Supervisor and Agent, CPC Rule, Inc., Terry DeMars, Contract 'Counselor,' Employee CPC Rule, Inc., Lacey Anderson, 'Human Resource Counselor,' NDDOCR, JRCC, Northeast Human Services Center, Grand Forks, ND, Peter Welte, State's Attorney, Northeast Judicial District, Barbara Brieland, Julie Munkeby, and Orie Oksendahl, | ) **REPORT AND RECOMMENDATION** |
|                Defendants. | ) |

Plaintiff Ryan Ray Corman ("Corman") filed a motion for a writ of mandamus and a

motion for a protective order regarding complaints he has about the North Dakota State Hospital

where he is being held for an evaluation. Corman seeks to have the North Dakota State Hospital "restore all [of Corman's] rights and protections due an American citizen not incarcerated for a criminal offense, accompanied by a Protective Order to [e]nsure future compliance . . . ." (Doc. #26, p. 5). The North Dakota State Hospital and its staff are not defendants in the instant action and the instant action does not involve any claims regarding the plaintiff's involuntary commitment to the North Dakota State Hospital, which occurred after Corman filed his complaint in this case. It is **RECOMMENDED** that Corman's motion for a writ of mandamus (Doc. #26) and his motion for a protective order (Doc. #27) be **DENIED**.

Corman filed a second motion for a writ of mandamus. (Doc. #28). He seeks the full names and official positions of the "clinical team" at the North Dakota State Hospital. (Doc. #28). Corman states the clinical team's actions warrant an additional civil rights complaint. Id. Corman also filed a motion for an order to correct his conditions of confinement and restore his rights, and a second motion for a protective order. (Doc. #33). Corman challenges the conditions at the North Dakota State Hospital where he is being held for an evaluation. Id. As noted above, the request is inappropriate in the context of this action, as the North Dakota State Hospital and its employees are not defendants. It is **RECOMMENDED** that Corman's second motion for a writ of mandamus (Doc. #28) be **DENIED**, his motion for an order to correct his conditions of confinement (Doc. #33) be **DENIED**, and his second motion for a protection order (Doc #33) be **DENIED**.

Dated this 21st day of November, 2012.

*/s/ Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **December 7, 2012**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.