IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Ryan Ray Corman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:12-cv-53 |
| Wayne Stenehjem, North Dakota State ) | |
| Attorney General, Jonathan Byers, ) | **ORDER ADOPTING IN PART** |
| Assistant State Attorney General, Ken ) | **REPORT AND RECOMMENDATION,** |
| Sorenson, Assistant State Attorney ) | **DIRECTING DEFENDANTS TO** |
| General, Carmell Mattison, State's Atty, ) | **RESPOND, AND APPOINTING** |
| Northeast Judicial District, Kristi Pettit, ) | **FEDERAL PUBLIC DEFENDER** |
| State's Atty, Northeast Judicial District, ) | |
| Les "Barney" Tomanek, Supervisor, ND ) | |
| Dept. of Corrections, Probation, Loralyn ) | |
| Waltz, Probation Agent, NDDOCR P&P, ) | |
| Wade Price, Probation Agent, Chad ) | |
| Torgeson, Probation Agent, Don Redmann, ) | |
| Warden, James River Correctional Center, ) | |
| Grand Forks Police Department, William ) | |
| "Bill" Macki, SGT., GFPD, Jim Vigness, ) | |
| Detective, GFPD, Officer Kalinnen, first ) | |
| name unknown, Officer Johnston, first ) | |
| name unknown, Dr. Donald Newberry, ) | |
| Contract Psychological 'Evaluator', North ) | |
| Dakota Dept. of Corrections and ) | |
| Rehabilitation, CPC Rule, Inc., Contract ) | |
| 'program' provider, Tim Sinn, Supervisor ) | |
| and Agent, CPC Rule, Inc., Terry DeMars, ) | |
| Contract 'Counselor', Employee CPC Rule, ) | |
| Inc., Lacey Anderson, 'Human Resource ) | |
| Counselor', NDDOCR, JRCC, Northeast ) | |
| Human Services Center, Grand Forks, ND, ) | |
| Peter Welte, State's Attorney, Northeast ) | |
| Judicial District, Barbara Brieland, Julie ) | |
| Munkeby, and Orie Oksendahl, ) | |
| ) | |
| Defendants. ) | |

The Court has received a Report and Recommendation from the Honorable Karen K. Klein, United States Magistrate Judge, recommending that Ryan Ray Corman's complaint be dismissed in its entirety as to all named defendants (Doc. #37). Corman objects to the Report and Recommendation (Doc. #45). While he consents to the removal of certain defendants, he contends that the remainder of his claims are meritorious and should be allowed to proceed.

The overarching basis for the Magistrate Judge's recommendation of dismissal is that Corman has failed to plead sufficient facts on which a plausible claim can be made. In response, Corman has moved to supplement his complaint with the information contained in his objection to the Report and Recommendation (Doc. #46). Considering the nature of the Magistrate Judge's recommendation, along with the directions in the prisoner litigation packet which direct a petitioner to state his claims "as briefly as possible" (emphasis in original), the Court concludes that Corman's request his proper. Accordingly, his motion to supplement the complaint is **GRANTED**, and the Court has fully considered both the complaint and the objection in evaluating the Report and Recommendation.

Upon full consideration of the record, the Court concludes that sufficient facts have been pled for a plausible claim to be made against Jonathan Byers, Loralyn Waltz, Wade Price, Chad Torgeson, and Jim Vigness. These defendants are directed to respond to the claims in the complaint and objection which is incorporated therein, and the Court ORDERS that the Federal Public Defender be appointed to assist Corman in pursuing his claims. As to the remaining defendants, the Court finds that the Magistrate Judge's position is correct and ADOPTS the Report and Recommendation. It is ORDERED that the complaint be DISMISSED against these defendants.

### I. State of North Dakota and State Agencies

The Magistrate Judge recommends that the complaint be dismissed as to the State of North Dakota and its agencies on two separate grounds: (1) A failure to plead specific facts that establish a plausible claim for relief; and (2) Immunity of a state and its agencies from suit brought under 42 U.S.C. § 1983. In his objection to the Report and Recommendation, Corman concedes that he erred in bringing suit against these defendants when "not allowed by Constitutional Amendment or other law." Nonetheless, he uses his objection to reiterate his grievances against the State of North Dakota and its agencies.

The Court concludes that the Magistrate Judge's recommendation is correct and that Corman's complaint should be dismissed as to these defendants on the basis of sovereign immunity. States are immune from suit in the federal courts under the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Monroe v. Arkansas State University, 495 F.3d 591, 594 (8th Cir. 2007). This immunity also extends to those employed by the state, because "the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability." Morstad v. Department of Corr. and Rehab., 147 F.3d 741, 744 (8th Cir. 1998). Because the State of North Dakota and its agencies are shielded by sovereign immunity, the Court ADOPTS the Report and Recommendation and ORDERS that the complaint be DISMISSED as to these defendants.

### II. Wayne Stenehjem

The Magistrate Judge recommends that the complaint be dismissed as to Wayne Stenehjem, Attorney General for the State of North Dakota, on two grounds: (1) Failure to plead specific actions undertaken by Stenehjem that could establish a plausible claim for relief; and (2) The legal bar

against 1983 claims brought solely on the basis of actions undertaken by those under Stenehjem's supervision. In his objection, Corman reasserts that "being singled out as the head of law enforcement in the most corrupt State in the country, and using the local and regional media to boast of his failure to comply with Federal legislation" makes Stenehjem an appropriate defendant in this case.

In his objection, Corman raises three grounds which he asserts make Stenehjem amenable to his suit. First, he refers to a letter which Stenehjem apparently sent to a local newspaper that Corman interprets as knowingly disregarding federal standards for sex offender registration. Second, he references a 2009 study which purportedly concludes that the State of North Dakota leads the nation in governmental and criminal justice system corruption. Third, Corman reiterates that state officials subordinate to Stenehjem have committed misconduct, and therefore Stenehjem is liable because he had supervisory authority over them.

The Court concludes that the Magistrate Judge's recommendation is correct and that Corman's complaint should be dismissed as to Wayne Stenehjem. As Attorney General of the State of North Dakota, Stenehjem is presumptively shielded from liability by qualified immunity. Qualified immunity protects state actors as long as their conduct does not violate clearly established rights of which a reasonable person should have known <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009). Corman's ambiguous references to a letter to a newspaper editor and an unrelated corruption study completely fail to state specific ways in which Stenehjem acted to deprive Corman of his rights. Further, under the facts as pled, Stenehjem cannot be held liable for the actions of his subordinates in this 1983 action. See <u>Bell v. Kansas City Police Dept.</u>, 635 F.3d 346, 347 (8th Cir. 2011) (per curiam) ("respondeat superior is inapplicable to claims under 42 U.S.C. § 1983"). The

Court ADOPTS the Report and Recommendation as to Wayne Stenehjem and ORDERS that the complaint be DISMISSED as to this defendant.

**III.    Jonathan Byers and Ken Sorenson**

The Magistrate Judge recommends that the complaint be dismissed as to Jonathan Byers and Ken Sorenson, Assistant Attorneys General for the State of North Dakota, because Corman has alleged insufficient facts on which plausible claims could be based.  In his objection, Corman contends that Byers ignored reports of deliberately false information and intentionally used "prejudicial and inaccurate misinformation to impose a felony sanction of 'high risk lifetime registration' for a non-sexual misdemeanor conviction." (Doc. #45, Objection, p. 8).  This allegedly false information pertains to a criminal history containing offenses for which Corman claims he was not convicted of or even charged with.  Corman also alleges that a probation search conducted at the behest of Sorenson resulted in the unlawful taking of personal property such as work clothing, medical and military records, gemstones, and photograph negatives without proper documentation and return.

Accepting the facts as pled by Corman, the Court partially adopts the recommendation made by the Magistrate Judge.  In his objection, Corman alleges specific facts that could establish a plausible claim against Jonathan Byers, satisfying the standard set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  If it can be shown that Byers knowingly used false information that resulted in Corman being civilly committed, then a valid claim would be established.  Corman alleges this was done through the knowing use and dissemination of false documents, such as presentence investgation reports and criminal histories. These illicit actions would exceed the protections of qualified immunity and could plausibly support

a claim for relief.  See Pearson, 555 U.S. at 231. (Qualified immunity protects government officials only to extent that their conduct does not violate clearly established rights of which a reasonable person should have known).   Therefore, the Court concludes that Byers should respond to the claims made by Corman in his complaint.

As to Ken Sorenson, the Court accepts that an illegal seizure of property could form the basis of a Section 1983 action. Corman, however, fails to show how an Assistant Attorney General had any control over the seizure as alleged.  Corman speaks broadly of how the alleged seizure of his property was an abuse of Sorenson's position, but he does not state with any specificity how Sorenson had any connection to this alleged violation of his rights.  The Court finds it implausible that an Assistant Attorney General would have any connection to or knowledge of the search as alleged, and Corman has failed to plead specific facts which would establish that connection.  The Court therefore ADOPTS the Magistrate Judge's recommendation as to Sorenson and ORDERS that the claims against him be DISMISSED.  The Court declines to adopt the Magistrate Judge's recommendation as to Byers, however, and ORDERS that Byers is directed to respond to the claims in Corman's complaint and objection, which is incorporated therein.  It is FURTHER ORDERED that the Federal Public Defender shall be appointed to represent Corman to proceed in this action against Byers.

**IV.     Peter Welte, Carmell Mattison, and Kristi Pettit**

The Magistrate Judge recommends that the complaint be dismissed as to Peter Welte, Grand Forks County, North Dakota State's Attorney, Carmell Mattison, Assistant Grand Forks County State's Attorney, and Kristi Pettit, Grand Forks, North Dakota City Prosecutor.  This recommendation is based on two grounds: (1) Corman has failed to allege specific facts constituting

6

a plausible claim; and (2) The claims against these defendants challenge the validity of Corman's conviction and are thus barred by Heck v. Humphrey, 512 U.S. 477 (1994). In his objection, Corman consents to the removal of these defendants from his complaint. In light of Corman's consent to the Magistrate Judge's recommendation, it is ADOPTED without modification. The Court ORDERS that the complaint be DISMISSED as to Peter Welte, Carmell Mattison, and Kristi Pettit.

## V. Les "Barney" Tomanek, Loralyn Waltz, Wade Price, Chad Torgeson, Julie Munkeby, and Barbara Brieland

The Magistrate Judge recommends that the complaint be dismissed as to Les "Barney" Tomanek, Director of North Dakota Parole and Probation Services, Loralyn Waltz, Wade Price, and Chad Torgeson, Probation Officers, and Julie Munkeby and Barbara Brieland, employees of the North Dakota Department of Corrections.

As to Tomanek, the Magistrate Judge recommends that dismissal is warranted because Corman does not demonstrate that Tomanek failed to supervise officers and respond to complaints in a manner that forms the basis of a plausible claim. In Corman's objection, he again broadly states that Tomanek failed to supervise the "unethical or criminal acts" of his subordinates, and that he willingly ignored complaints that were brought to his attention. After considering the pleadings, as well as the bar against *respondeat superior* liability in most 1983 claims, the Court ADOPTS the Magistrate Judge's recommendation. Corman has failed to plead with specificity any actions by Tomanek that would subject him to liability under Section 1983, and this liability cannot attach here purely out of the alleged actions of Tomanek's subordinates. The Court ORDERS that the complaint be dismissed as to Tomanek.

As to Waltz, the Magistrate Judge recommends that dismissal is proper because Corman failed to allege specific facts which could form the basis of a plausible claim. In his objection,

7

Corman states that Waltz submitted a deliberately enhanced and false criminal history to influence a state evaluator, and included this knowingly false criminal history in a presentence investigation report. In the context of Corman's earlier arguments, it would appear that this criminal history relates to the inclusion of crimes which he was never convicted of or charged with. If true, the inclusion of this knowingly false information would be a violation of Corman's rights and he would be entitled to relief.

Corman also alleges that the earlier-referenced seizure of his personal property came as a result of a probation search ordered by Waltz. This search was allegedly carried out by Price and Torgeson. Accepting the facts as pled, the illegal seizure of Corman's property could form a plausible claim for relief. The Court therefore declines to adopt the Magistrate Judge's recommendation as to Waltz, as well as to Torgeson and Price. The Court ORDERS that Waltz, Torgeson, and Price shall respond to the claims in Corman's complaint and objection which is incorporated therein, and that the Federal Public Defender shall be appointed for Corman to proceed in this action against these defendants.

As to Munkeby and Brieland, the Magistrate Judge recommends that the complaint be dismissed because Corman fails to allege specific facts that could form the basis of a plausible claim. In his objection, Corman declines to elaborate on his claims against these defendants, and instead stands on his earlier allegations that Brieland is liable in a supervisory capacity and that Munkeby is liable for failing to correct false information in his file and for improper disciplinary sanctions. These allegations are insufficient. Upon consideration of the complaint and the objection to the Report and Recommendation, the Court ADOPTS the Magistrate Judge's recommendation and ORDERS that the complaint be DISMISSED as to Munkeby and Brieland.

**VI.    Don Redmann**

The Magistrate Judge recommends that the complaint be dismissed as to Don Redmann, Warden of the James River Correctional Center, because it fails to allege specific facts that would form the basis of a plausible claim. In his objection, Corman contends that Redmann prevented the delivery of property seized from Corman to the James River Correctional Center. Corman also urges that Redmann violated his civil rights by striking good-time credits after Corman refused to participate in treatment programs at the facility.

As warden of the James River Correctional Center, Redmann is tasked with managing the day-to-day operations of the institution. While the Court accepts Corman's that the illegal seizure of property would be a violation of his rights, it is an untenable to impute liability for this alleged seizure to Redmann. Even if the facts are exactly as Corman alleges, Redmann's refusal to accept delivery at a correctional center of personal items lies within his discretionary duties. The facts as pled simply cannot make Redmann an accessory to the initial seizure.

Redmann is also tasked with the awarding and management of good-time credits to inmates based on their behavior while incarcerated at the James River Correctional Center. Deprivation of good-time credits can form the basis of a 1983 action so long as the challenged procedure does not implicate the validity of the criminal judgment and thus violate Heck. Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). Corman is challenging the denial of good-time credits based on his refusal to make admissions and comply with the terms of a residential treatment program. This specific denial does not implicate the validity of Corman's criminal judgment, and is thus challengeable. Even though the challenge is proper, however, the facts as alleged by Corman fail to establish a plausible claim.

The United States Supreme Court has held that the Fifth Amendment is not violated when an inmate loses privileges that were offered to encourage participation in a sex offender treatment program. McKune v. Lile, 536 U.S. 24, 41 (2002) (plurality opinion) id. at 48-49 (O'Connor, J. concurring). The Eighth Circuit Court of Appeals has already considered a case where an inmate brought a 1983 claim against Redmann after he was denied sentence reduction credits for failing to comply with sex offender treatment. The panel explained that the denial of these credits did not violate the defendant's Fifth Amendment right against self-incrimination on two grounds. First, the claim is barred by Heck because the duration of a sentence is a direct consequence of the criminal judgment, and therefore, any challenge must be made through a petition for writ of habeas corpus. Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007). Second, participation in a sex offender treatment program is a discretionary benefit program offered by the North Dakota Department of Corrections, and any denial of benefits in that discretionary program do not rise to a level of "compulsion" that violates the Fifth Amendment. Id. at 1004. The facts as alleged by Corman challenge the loss of good-time credits for his refusal to make admissions in treatment. Under the law of the Eighth Circuit as explained in Entzi, this action cannot form the basis of a plausible claim. The Magistrate Judge's recommendation that the complaint be dismissed is therefore ADOPTED, and the Court ORDERS that the complaint be DISMISSED as to Redmann.

## VII. Grand Forks Police Department

The Magistrate Judge recommends that the complaint be dismissed as to the Grand Forks Police Department. This recommendation is based on the conclusion that Corman has failed to plead facts sufficient to establish a plausible claim. In his objection, Corman consents to the removal of this defendant from his complaint. In light of Corman's consent to the Magistrate Judge's

recommendation, it is ADOPTED without modification. The Court ORDERS that the complaint be DISMISSED as to the Grand Forks Police Department.

## VIII. William "Bill" Macki

The Magistrate Judge recommends that the complaint be dismissed as to William "Bill" Macki, a Sergeant with the Grand Forks Police Department. This recommendation is based on the conclusion that Corman has failed to plead sufficient facts to establish a plausible claim and that any such claim would be barred by Heck. In his objection, Corman consents to the removal of this defendant from his complaint. In light of Corman's consent to the Magistrate Judge's recommendation, it is ADOPTED without modification. The Court ORDERS that the complaint be DISMISSED as to William "Bill" Macki.

## IX. Jim Vigness

The Magistrate Judge recommends that the complaint be dismissed as to Jim Vigness, a detective with the Grand Forks Police Department. This recommendation is based on the conclusion that Corman did not allege specific facts in his complaint regarding a sample collection that could form a plausible claim for relief. In his objection, Corman reiterates that a state court judge had declared that he was not required to submit to DNA collection. Nonetheless, Corman maintains that Vigness, along with two other uniformed officers, placed his hands on Corman's head and took a saliva swab from his mouth for DNA collection purposes.

The taking of a DNA sample from an inmate who is not required to submit a sample under the state collection statute is a violation of his rights. See Clevenger v. Gartner, 392 F.3d 977, 980 (8th Cir. 2004) (Inmate would have been entitled to reversal of adverse summary judgment ruling in 1983 action after DNA collection occurred when he was not amenable under the state statute, but

11

subsequent statutory revision now brought him into class of people required to submit sample). North Dakota's DNA collection statute is found at N.D. Cent. Code § 31-13-03, and provides that a person is subject to DNA collection for a broad category of reasons. Of particular import to this case, DNA collection is required from an individual convicted of or in custody as a result of certain enumerated sexual offenses. N.D. Cent. Code § 31-13-03(2). While it appears that Corman is currently at the North Dakota State Hospital as a result of a history of sexual offenses, the nature of those offenses are murky on the record before the Court. More information is needed as to Corman's history of sexual offenses and convictions, both in terms of the DNA sample being challenged and in the documents which allegedly contained false information leading to Corman's current placement. Without this information, the Court cannot say that Corman's claim is frivolous, and must accept his complaint that the DNA sample was taken without justification. The Court therefore declines to adopt the recommendation of the Magistrate Judge and ORDERS that Vigness shall respond to the claims in Corman's complaint and objection which is incorporated therein, and that the Federal Public Defender shall be appointed for Corman to proceed with his claims against Vigness.

## X.     Officer Kalinnen and Officer Johnston

The Magistrate Judge recommends that the complaint be dismissed as to Officer Kalinnen and Officer Johnston, members of the Grand Forks Police Department. This recommendation is based on the conclusion that the facts as alleged by Corman cannot establish a plausible claim of abuse, and remaining allegations are insufficient to establish any other claim. In his objection, Corman consents to the removal of these defendants from his complaint. In light of Corman's consent to the Magistrate Judge's recommendation, it is ADOPTED without modification. The

Court ORDERS that the complaint be DISMISSED as to Officer Kalinnen and Officer Johnston.

## XI. Dr. Donald Newberry

The Magistrate Judge recommends that the complaint be dismissed as to Dr. Donald Newberry, a psychologist at the Northeast Human Service Center. In his complaint and objection, Corman alleges that Newberry relied on false and inaccurate information supplied by the State to prepare an evaluation which has prejudiced him by leading to his placement at the North Dakota State Hospital. The Magistrate Judge recommends that the complaint be dismissed because Corman fails to identify the false information allegedly used and disseminated by Newberry.

In his objection, Corman contends that Newberry relied on a false criminal history profile in conducting his evaluation. Corman does not allege that Newberry fabricated the allegedly false history and profile against him. Rather, he asserts merely that Newberry relied on this information in conducting his evaluation. If any violation of Corman's rights occurred, it was in the development and promulgation of this history, but not in its later good-faith use. Newberry's mere reliance on information supplied to him cannot subject him to civil liability for deprivation of Corman's rights. Accordingly, the Court ADOPTS the recommendation of the Magistrate Judge and ORDERS and that the complaint be DISMISSED as to Newberry.

## XII. CPC Rule, Inc., Tim Sinn, and Terry DeMars

The Magistrate Judge recommends that the complaint be dismissed as to CPC Rule, Inc., Tim Sinn, and Terry DeMars. CPC Rule provides sex offender treatment to inmates and probationers in the care of the State of North Dakota. Sinn and DeMars are employees of CPC Rule. The Magistrate Judge bases her recommendation on two findings: (1) Corman has failed to plead sufficient facts to establish a plausible claim against these defendants; and (2) If CPC and its

13

employees acted under color of state law, they were shielded from liability a Section 1983 action. In his objection, Corman alleges that CPC Rule does not provide actual treatment to those they are charged to work with, and that Sinn and DeMars unfairly administered tests to him in the course of that treatment. Corman alleges that his statements and answers were taken out of context or mischaracterized, with the intended effect of establishing a stronger basis for his civil commitment.

Accepting the facts pled, the state of North Dakota has contracted with CPC Rule to provide sex offender treatment programs to inmates and probationers. While Corman forcefully disagrees with the methods and the manner in which the treatment programs are administered, it appears undisputed that CPC Rule is under contract with the state for this purpose. The key question is whether CPC, as a private entity, and its employees may enjoy the same immunity from civil liability as state employees and agencies do when performing official functions of the state.

In <u>Lawyer v. Kernodle</u>, 721 F.2d 632 (8th Cir. 1983), the coroner for a Missouri county engaged the continuing services of a private laboratory and its employees to perform autopsies. <u>Id.</u> at 633. A doctor working for the laboratory performed an autopsy on the plaintiff's deceased wife, and concluded that she died of blunt force trauma to the head. <u>Id.</u> at 634. As a result, the plaintiff was later charged with her murder. <u>Id.</u> These charges were eventually dismissed, leading the plaintiff to bring suit against the laboratory and the doctor under Section 1983 seeking damages resulting from the negligent diagnosis of his wife's cause of death. <u>Id.</u> The district court dismissed the case and the Eighth Circuit Court of Appeals affirmed, holding that the laboratory and the doctor were entitled to the same immunity as that afforded to state agencies and employees. The panel stated the doctor "was engaged under the statute to perform official duties, he was performing those duties under color of state law and he clearly enjoyed the same immunity privilege the coroner could

14

assert." Id. at 635. As a result, the district court's dismissal of the Section 1983 action against the laboratory and doctor on the basis of qualified immunity was affirmed. Id. at 636.

The facts as pled by Corman present a similar scenario. CPC Rule has been retained by the State of North Dakota to provide sex offender treatment and evaluation programs for inmates and probationers in the State's care. While Corman alleges the treatment program is ineffective and subject to manipulation, he fails to plead sufficient facts that would place CPC Rule and its employees outside the protections of qualified immunity. The remedy Corman seeks is to review CPC's records to "demonstrate to the Court each and every distortion, out of context quotation, and deliberate falsification contained therein." (Doc. #45, Objection, p. 24). Corman is asking the Court to sanction a "fishing expedition" in order for him to make out a claim against CPC Rule, an action which the Court declines to Order.

The Court concludes that CPC Rule and its employees are shielded by qualified immunity in this matter, and Corman has failed to plead specific facts which would strip this immunity and subject these defendants to civil liability. The Magistrate Judge's recommendation is therefore ADOPTED, and the Court ORDERS that the complaint be DISMISSED as to defendants CPC Rule, Tim Sinn, and Terry DeMars.

**XIII. Orie Oksendahl**

The Magistrate Judge recommends that the complaint be dismissed against Orie Oksendahl, a CPC Rule employee, because Corman has failed to allege specific facts which would establish a plausible claim. Corman contends in his complaint and objection that Oksendahl administered a coercive polygraph examination to him.

At the outset, the Court notes that Oksendahl enjoys the same qualified immunity privileges

15

as the defendants in the previous section because of CPC Rule's ongoing performance of services for the State of North Dakota. In order to defeat this privilege, Corman must show that Oksendahl knew or should have known that she was acting in a manner that violated Corman's rights. See Pearson, 555 U.S. at 231. Corman's allegations are that Oksendahl: (1) Made him sign an agreement stating that the polygraph was voluntary; and (2) Administered a coercive test that was designed to have him committed to the North Dakota State Hospital.

While Corman forcefully disagrees with the administration of the polygraph test, his disagreement does not establish a civil rights violation. Polygraph examinations are recognized as a legitimate tool in sex offender treatment programs. See e.g., United States v. Johnson, 446 F.3d 272, 278-80 (2d. Cir. 2006) (Mandatory sex offender treatment using polygraph permissible when used to further sentencing goals and offender retains opportunity to challenge use of incriminating statements that violate the Fifth Amendment); United States v. York, 357 F.3d 14, 25 (1st Cir. 2004) United States v. Dotson, 324 F.3d 256, 261 (4th Cir. 2003) (Polygraph use permissible when used for treatment rather than as an evidence gathering tool). Corman's pleadings reflect only that Oksendahl administered the polygraph examination as an employee of CPC Rule. A polygraph examination is recognized as a proper component of treatment so long as it is used in narrow circumstances, and Oksendahl's administration of this test as an employee of CPC Rule entitle her to qualified immunity against Corman's claims. The Magistrate Judge's recommendation is therefore ADOPTED, and the Court ORDERS that the complaint be DISMISSED as to defendant Orie Oksendahl.

## XIV. Lacey Anderson

The Magistrate Judge recommends that the complaint be dismissed as to Lacey Anderson,

an employee of the North Dakota Department of Corrections, because Corman fails to allege sufficient facts that would establish a plausible claim. In his complaint and objection, Corman contends that Anderson filed an incident report in which he was cited for failing to participate in treatment programs at the James River Correctional Center. Corman contends that his rights were violated by the filing of this "false" report because it deprived him of the opportunity to earn good-time credits. As discussed previously, the Eighth Circuit Court of Appeals has held that good-time credits may be withheld or stripped for failure to participate in sex offender treatment programs, and that this action cannot form the basis of a Section 1983 action. Entzi v. Redmann, 485 F.3d 998 (8th Cir. 2007). This ruling forecloses any claim against Anderson under the facts as pled. The Magistrate Judge's recommendation is therefore ADOPTED, and the Court ORDERS that the complaint be dismissed as to defendant Lacey Anderson.

### XV. Addendum to the Complaint

The Magistrate Judge recommends that the Addendum to the Complaint be dismissed because it fails to allege specific facts that would establish a plausible claim. Corman's addendum raises issues regarding his access to legal materials and to the collateral results from his listing in the North Dakota Sex Offender Registry. Upon consideration, the Court concludes that the Magistrate Judge's position is correct on both issues. Corman has failed to demonstrate prejudice from lack of legal materials, prior convictions must be challenged in habeas corpus proceedings, and information in the sex offender registry is properly available for public viewing. The Magistrate Judge's Recommendation is therefore ADOPTED, and the Court ORDERS that the addendum to the complaint be DISMISSED.

### XVI. Other Claims

The Magistrate Judge recommends that Corman's "other claims," which relate primarily to health complications he has experienced, should be dismissed for failure to state a claim upon which relief can be granted. Corman has alleged that numerous health problems have arisen during his time of confinement as a result of the ordeal he perceives the State of North Dakota has put him through. He contends that these problems have not been responded to with appropriate care. Upon consideration, the Court concludes that the Magistrate Judge has thoroughly considered and analyzed the issues raised by Corman, and has reached a proper conclusion. Therefore, the Magistrate Judge's recommendation is ADOPTED, and the Court ORDERS that the other claims raised by Corman be DISMISSED.

## XVII. Motion for Federal Investigation

In Corman's complaint and objection, he seeks a federal investigation into what he considers to be a mass framework of corruption operating to oppress him in the North Dakota criminal justice system. The Magistrate Judge denied Corman's motion for a federal investigation, finding it was inappropriate and unwarranted. The Court has considered all of Corman's claims in the complaint and objection, as well as the Report and Recommendation of the Magistrate Judge. Only a handful of Corman's complaints allege specific facts that could constitute a plausible claim, while the majority have been dismissed. These small number of claims, which have yet to be put to proof, do not necessitate that a costly, time-consuming, and possibly needless federal investigation be undertaken. The Court affirms the Magistrate Judge's decision denying the motion for a federal investigation.

## **CONCLUSION**

Upon consideration of the pleadings and the entire record in this matter, the Court

concludes that Ryan Ray Corman has alleged specific facts sufficient to establish a plausible claim against defendants Jonathan Byers, Loralyn Waltz, Wade Price, Chad Torgeson, and Jim Vigness.  The Court declines to adopt the Magistrate Judge's recommendation as to these defendants and **ORDERS** that they respond to the claims in the complaint and objection incorporated therein.  The Court **FURTHER ORDERS** that the Federal Public Defender shall be appointed to assist Corman in the pursuit of his claims against these defendants.  As to the remaining defendants, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, and **ORDERS** that the complaint against these defendants is **DISMISSED**.

    **IT IS SO ORDERED.**

    Dated this 23rd day of January, 2013

                                              /s/   Ralph R. Erickson
                                        Ralph R. Erickson, District Judge
                                        United States District Court